United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. ALLDREDGE, ) | No. C 06-7147 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND; DENYING MOTIONS FOR RECONSIDERATION, TO COMPEL, AND FOR APPOINTMENT OF COUNSEL; DENYING REQUEST TO RE-ISSUE; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| ) | |
| v. ) | |
| ) | |
| ARNOLD SCHWARZENEGGER, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | **(Docket Nos. 3, 4 & 5)** |

On October 4, 2006, in the Southern District of California, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was transferred to the Northern District on October 31, 2006. On December 26, 2006, petitioner filed a document titled "First Amendment Petition & Motion for Reconsideration of the Denial of the Writ of Habeas Corpus, Due to Error in It's Denial on [] April 29th 2005." Also before the Court are petitioner's motion to compel, request for appointment of counsel and application to proceed in forma pauperis.

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Missing from both the petition and the December 26, 2006 "amendment" to the petition, are numerous basic facts regarding petitioner's conviction and sentence, such as the crimes of which he was convicted, the date of his sentence, the appeals or other state post-conviction relief petitioner has sought, and the issues raised in such appeals and other post-conviction filings.  Furthermore, the claims are set forth in a conclusory manner without sufficient factual detail to allow respondent to prepare a meaningful response.  Rule 2(c) of the Rules Governing Habeas Corpus cases requires a petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."  See id. at 491-92 (holding habeas petitioner must state his claims with sufficient specificity to enable respondent to prepare meaningful response); see also Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970) (holding conclusory allegations in habeas petition fail to state claim and do not suffice to shift burden to state to answer order to show cause).  The petition also raises various issues, such as petitioner's medical care and a "love letter" to his son, without explanation as to how such matters may relate to any specific constitutional violations pertaining to petitioner's conviction or sentence.  Consequently, before the Court is able to assess whether petitioner has any cognizable claims, and respondent is able to respond meaningfully to the petition, petitioner must file an amended petition, using the court's form habeas petition, providing all of the information required therein, and clearly and simply setting forth each alleged constitutional violation with a brief explanation as to how each of such rights allegedly was violated.

In both the petition and the December 26, 2006 "amendment" to the petition,

petitioner requests that the Court "re-issue" an Order to Show Cause from a habeas petition previously filed by petitioner (No. C 03-2280 MMC (PR)) and dismissed on December 3, 2003 for failure to exhaust. The Court will not "re-issue" an order from a prior case; an Order to Show Cause will be issued in this matter if petitioner cures the deficiencies in his petition, as explained above.[1]

Additionally, petitioner has filed a motion to compel the California Department of Corrections and Rehabilitation to implement a "12-hour shift." Such challenges to the conditions of confinement should be brought in a civil rights complaint, not in a habeas action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (providing civil rights action is proper method of challenging conditions of confinement). Lastly, the Court addresses petitioner's request for appointment of counsel, which is contained in his initial filing. The interests of justice do not require appointment of counsel in the instant case at this time. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (providing the Sixth Amendment's right to counsel does not apply in habeas actions). Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

**CONCLUSION**

For the reasons stated above, this action is hereby DISMISSED, with leave to file an amended petition within **thirty (30) days** of the date this order is filed. Petitioner's amended petition shall be filed on the court's form for habeas petitions, and shall cure the deficiencies noted above. The amended petition must include the caption and civil case number used in this order (No. C 06-7147 MMC (PR)) and the words AMENDED PETITION on the first page. Petitioner must include in the amended petition all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from prior petitions by

---

[1] In the December 26, 2006 "amendment," petitioner also appears to seek "reconsideration" of an April 29, 2005 "denial" by this Court. There has been no such "denial" in this matter; to whatever extent petitioner seeks reconsideration of an order in one of his prior cases, he must file a motion for reconsideration in that case and not herein. Accordingly, said motion will be denied without prejudice to petitioner's doing so.

reference. **Failure to file an amended petition in conformity with this order will result in the dismissal of this action without prejudice.**

It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Petitioner's motions for reconsideration and to compel are DENIED.  Petitioner's request for appointment of counsel is DENIED.

In light of petitioner's lack of funds, petitioner's application for leave to proceed in forma pauperis is GRANTED.

This order terminates Docket Nos. 3, 4 and 5.

IT IS SO ORDERED.

DATED: January 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge