IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. ALLDREDGE, | No. C 06-7147 MMC (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING MOTIONS FOR EXTENSION OF TIME; DENYING MOTION TO COMPEL AND PETITION FOR WRIT OF MANDAMUS** |
| v. | |
| ARNOLD SCHWARZENEGGER, | **(Docket Nos. 7-9, 11)** |
| Respondent. | |

On October 4, 2006, in the Southern District of California, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was transferred to the Northern District on October 31, 2006. On January 11, 2007, the petition was dismissed with leave to amend, and on February 16, 2007, petitioner filed an amended petition.[1] Also before the Court is petitioner's motion to compel and his "Motion and 1st Amendment Petition for a Writ of Mandamus."

**BACKGROUND**

In 2000, petitioner was convicted of stalking in San Mateo County Superior Court, and sentenced to a term of 26 years to life in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. Petitioner filed

---

[1]Good cause appearing, petitioner's motions (Docket Nos. 7 and 8) for an extension of time in which to file the amended petition are GRANTED.

1 numerous habeas petitions at all three levels of the California courts, each of which has been
2 denied.

### DISCUSSION

A.  Initial Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

In the instant petition, petitioner claims: (1) the trial court violated his Sixth Amendment right to represent himself at trial; (2) the trial court violated his constitutional right to a speedy trial; (3) the trial was held in an improper venue, in violation of his Sixth Amendment rights; and (4) his sentence violated his rights under Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000). Liberally construed, petitioner's claims are cognizable.

B.  Motion to Compel and Writ of Mandamus

On February 5, 2007, petitioner filed a second Motion to Compel (Docket No. 9). The motion is duplicative of petitioner's first motion to compel, filed December 26, 2006, in that it repeats petitioner's request that the California Department of Corrections and Rehabilitation implement a "12-hour shift." As explained in connection with the Court's denial of the first motion to compel, such challenges to the conditions of confinement should be brought in a civil rights complaint, not in a habeas action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (providing civil rights action is proper method of challenging conditions of confinement). Petitioner shall not raise this issue again in any motions,

2

requests, correspondence or other papers filed in the instant action.

On April 19, 2007, petitioner filed a "Motion & 1st Amendment Petition for a Writ of Mandamus" (Docket No. 11).  In said document, petitioner requests that the Court issue a writ of mandamus compelling the State of California to place his name on the ballot for the office of United States President in the February 5, 2008 Democratic primary election. Federal district courts are without power to issue mandamus to direct state officials to take actions in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  See Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (holding federal court may not, as general rule, issue mandamus to state judicial officer to control or interfere with state court litigation); Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (holding the federal mandamus statute, 28 U.S.C. § 1361, has no application to state officers or employees).  Accordingly, the petition for a writ of mandamus will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the amended petition.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

the Court and serving it on respondent within 30 days of the date the answer is filed.

3.   In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4.   Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.   It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.   Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

7.   The motions for an extension of time in which to file an amended petition are GRANTED.  The motion to compel and the amended petition for a writ of mandamus are DENIED.

This order terminates Docket Nos. 7- 9 and Docket No. 11.

IT IS SO ORDERED.

DATED: May 14, 2007

MAXINE M. CHESNEY
United States District Judge