**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. ALLDREDGE,   )   | No. C 06-7147 MMC (PR) |
| Petitioner,   )   | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v.   )   | |
| ARNOLD SCHWARZENEGGER,   )   | **(Docket No. 14)** |
| Respondent.   )   | |
| _____   )   | |

On October 4, 2006, in the Southern District of California, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was transferred to the Northern District on October 31, 2006. On January 11, 2007, the petition was dismissed with leave to amend, and on February 16, 2007, petitioner filed an amended petition. On May 14, 2007, the Court found the claims in the petition, when liberally construed, to be cognizable. Now before the Court is petitioner's motion for appointment of counsel, filed May 24, 2007.

The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

Here, petitioner's claims have been adequately presented.  Consequently, the interests of justice do not require appointment of counsel in the instant case, and the motion for appointment of counsel is hereby DENIED.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

This order terminates Docket No. 14.

IT IS SO ORDERED.

DATED: June 13, 2007

_____
MAXINE M. CHESNEY
United States District Judge